**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| YAN TSANG and FLORENCE MUSSAT, individually and on behalf of similarly situated persons, | ) ) ) | |
| | ) | Case No. 15-cv-11160 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZARA USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT - CLASS ACTION**

Plaintiff Yan Tsang ("Tsang") and Florence Mussat ("Mussat") individually and on behalf of similarly situated persons, bring this complaint against Zara USA, Inc. ("Zara") for continuing to willfully violating the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. § 1681c(g)(1), and in support thereof states as follows:

**INTRODUCTION**

1.      On April 19, 2015, Zara was sued in *Vasquez v. Zara USA Inc.*, 1:15-cv-03433 (N.D. Ill.) ("*Vasquez*"), for willfully violating 15 U.S.C. § 1681c(g)(1), in that Zara was printing the first six digits of credit cards' account numbers, in addition to the last four digits, on electronically printed receipts provided to the cardholder at the point of sale.

2.      On September 4, 2015, the parties conducted a face-to-face settlement conference with the magistrate judge, with Zara being represented by multiple partners from Loeb & Loeb, LLP, Zara's general counsel Natalia Maureira Bartels, and counsel from its parent company, Industria de Diseño Textil, S.A., ("Inditex"), in which the material terms of a settlement

agreement, including the class time period, were reached.

3.     On November 12, 2015, the district court in *Vasquez*, approved the parties' class action settlement agreement, inducing the settlement class that was agreed to by the parties as follows:

> All persons to whom ZARA USA provided an electronically printed receipt at the point of sale in a transaction occurring inside one of Zara's stores in the United States, from **December 17, 2014, to April 27, 2015**, which displayed the credit card's first six digits. The class includes debit cards that were used as credit cards without a PIN being used, but excludes cards in which a PIN was used.

*Vasquez*, Doc. 38 (emphasis added).

4.     The preliminary approval order directed notice to be provided via in-store postings, online impressions, including impressions on Facebook, and in print.

5.     Plaintiff Tsang reviewed the class settlement notice and in an attempt to determine his rights under the terms of the settlement agreement, took the time to review his May 17, 2015 Zara receipt, Exhibit A, to see if his payment card's account numbers were published.

6.     A redacted copy of Plaintiff Tsang's May 17, 2015, electronically printed receipt he was provided by Zara at the point of sale is attached hereto as Exhibit A.  Notably, the receipt contains the first six digits (which are redacted in this publically filed document, but an unredacted copy will be sent to Defendant with the Complaint) of his payment card and his name.  An unreadcted copy of Exhibit A will be served with the Complaint.

7.     A redacted copy of the relevant portion of Plaintiff Mussat's credit card statement showing purchases made at Zara's location in Chicago, Illinois on March 7, 2015, and March 15, 2015, is attached hereto as Exhibit B.  Plaintiff Mussat in unable to locate the corresponding electronically printed receipts to those purchases.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9.      Venue is proper because the Zara store in which Plaintiff Mussat was provided an electronically printed receipt at the point of sale is located in Chicago, Illinois.

## THE PARTIES

10.     Plaintiffs are natural persons.

11.     Zara USA, Inc., is a corporation incorporated under the laws of the State of New York.  Zara is one of the largest fashion retailers and maintains its corporate office at 500 Fifth Avenue, New York, New York.  Zara's parent company is Inditex, a Spanish multinational clothing company comprised of almost a hundred companies.

## FACTS

12.     15 U.S.C. § 1681c(g)(1), provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c(g)(1).

13.     Compliance with 15 U.S.C. § 1681c(g)(1) was to be completed no later than December 4, 2006.

14.     Zara knew that its point of sale terminals can be programmed to print out more card information on receipts than permitted under 15 U.S.C. § 1681c(g)(1) given the *Vasquez* lawsuit, the hundreds of lawsuits filed against merchants, including such well known large retailers such as J. Crew in 2015 for what appears to be the same violation as alleged here, and RadioShack and Shoe Carnival earlier.  *Redman v. RadioShack Corp.,* 768 F.3d 622 (7th Cir.

3

2014) *cert. denied. Nicaj v. Shoe Carnival, Inc.*, 135 S. Ct. 1429 (2015).

15.     At all times relevant to this Complaint, Zara did not audit its point of sale terminals' receipts after any software change which caused the subject receipts' non-compliance with 15 U.S.C. § 1681c(g)(1)'s truncation requirements.

16.     Zara accepts the following payment cards: VISA, MasterCard, American Express, Discover, JCB, and Diners Club.

17.     On information and belief, Zara USA, Inc.'s merchant bank by contract required Zara to comply with VISA's and MasterCard's rules and regulations and that it was the responsibility of Zara to read and periodically review VISA's and MasterCard's rules and regulations.

18.     Visa, MasterCard, American Express and Discover issue at least one a year updated rules and regulations to which Zara is to review.  These rules and regulations placed Zara on actual notice that its conduct here was prohibited, and American Express and Discover would have notified Zara directly that such conduct it has now engaged in here would be a violation of 15 U.S.C. § 1681c(g)(1)'s truncation requirements.

19.     For example, the August 12, 2006, edition of Rules for Visa Merchants (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that only the last four digits of an account number should be printed on the customer's copy of the receipt and the expiration date should not appear at all.   These statements were accompanied by a picture of a receipt showing that the card's account numbers needed to be truncated.  VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

20.     For example, the February 2012 version of MasterCard's Security Rules and Procedures for merchants provides, in part, that all electronically printed receipts, "must reflect

only the last four (4) digits" of a customer's card account number.

21.     VISA, MasterCard, the PCI Security Standards Council a consortium founded by VISA, MasterCard, Discover, American Express and JCB companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed merchants about the truncation requirements of 15 U.S.C. § 1681c(g)(1) and its prohibition on the printing of expiration dates, and the need to comply with the same.

22.     The card issuing organizations such as American Express and Discover proceeded to require compliance with the truncation requirements of FACTA, by contract directly with Zara.

23.     On information and belief, Zara would have received such contractual information from American Express and Discover at least once a year since the FACTA amendments to the FCRA became effective.

24.     On information and belief, Zara in obtaining the right to accept credit and debit card contractually agreed to abide by the Payment Card Industry Security Standards and the card issuing regulations, which would include the duty to review periodically their receipts for compliance including whether their point of sale terminals were printing too much card information.

25.     Truncation standards, including the standards reflected in the Visa Merchant Rules and in FACTA, permit the publication of the last four or five digits of customer account numbers on the receipt presented to customers at the point of sale.  The publication of this minimal amount of account information is necessary to facilitate merchant account reconciliation, processing of returns, etc.  In isolation, the publication of only the last four or five digits of a customer account number significantly limits the extent to which a potential identity

thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

26.     Most of Zara's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with 15 U.S.C. § 1681c(g)(1) by programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same and could have ensured that no violation would have occurred by conducting an audit or by properly training its store managers and employees.

27.     15 U.S.C. § 1681c(g)(1)'s payment card account number truncation requirements are ubiquitous in the world of retailing.

28.     Zara uses one or more cash registers and/or other machines or devices that electronically print receipts for all credit card and debit card transactions that occurred within its United States based stores.

29.     Each of Zara's point of sale terminals was programmed to print information that Zara has required to be printed of its receipts.

30.     On May 17, 2015, Plaintiff Tsang used his American Express card to make a purchase at one of Zara USA, Inc.'s stores in the District and was provided an electronically printed receipt at the point of sale that contained the first six digits of his payment card, in addition to the last four.  Exhibit A.

31.     Plaintiff Mussat's made purchases at Zara's location in Chicago, Illinois on March 7, 2015, and March 15, 2015, and was provided an electronically printed receipt at the point of sale that is believed to have contained the first six digits of her payment card.

32.     The printing of any portion of a payment card's account number is caused by a tag field, which is an instruction code in the point of sales terminal's software, that's

6

programmed to obtain information from the debit or credit card's magnetic strip and display that information in a specific filed.

33.     In this case, Zara's point of sale terminals contained a code for it to obtain the account number of each cardholder's debit or credit card and print the first six and the last four digits on a receipt.

34.     The printing of more than the last four digits of an account number on a receipt does not happen by accident, it requires the point of sale terminal to be intentionally programmed to do so.

35.     Printing more than the last four digits of a payment card along with the name of the cardholder gives the world largest retailer a better ability to distinguish its customers' purchases and returns.

**COUNT I**

**(WILLFUL VIOLATION OF FCRA § 1681c(g)(1))**

36.     Plaintiffs reallege and incorporates herein by reference the allegations in paragraphs 1 – 35 above as if fully set forth herein.

37.     Zara is a "person that accepts credit cards or debit cards for the transaction of business" as that phase is used in 15 U.S.C. § 1681c(g)(1).

38.     Plaintiffs each are a "cardholder" as that term is used in 15 U.S.C. § 1681c(g)(1).

39.     Plaintiff Tsang was provided "any receipt" by Zara.  Exhibit A

40.     Plaintiff Mussat was provided "any receipt" by Zara.  *See* Exhibit B.

41.     Zara provided each Plaintiff any receipt at "the point of sale or transaction" as that phrased is used in 15 U.S.C. § 1681c(g)(1).

42.     Zara in regard to Plaintiffs and each putative class member did not comply with

7

15 U.S.C. §1681c(g)(1), which provides that:

> … no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

> 15 U.S.C. § 1681c(g)(1).

43.     15 U.S.C. § 1681c(g)(1) cannot be reasonably read to permit the printing of the first six digits of the card number in addition to the last four digits.

44.     Even the administrate code, N.Y. GBS. LAW § 520a 4-a, of the City of New York, in which Zara's United States Headquarters at located in, makes it clear that Zara's conduct of printing more than the "the last five digits of the charge, credit, or debit card account number upon any receipt provided to the card holder" was improper.

45.     Illinois likewise prohibits' Zara's conduct.  815 ILCS 505/2NN(b):

> (b) Except as otherwise provided in this Section, no provider may print or otherwise produce or reproduce or permit the printing or other production or reproduction of the following: (i) any part of the credit card or debit card account number, other than the last 4 digits or other characters, (ii) the credit card or debit card expiration date on any receipt provided or made available to the cardholder.

46.     "FACTA was intended to 'protect consumers from identity thieves' and 'to limit the number of opportunities for identity thieves to 'pick off' key card account information.'" *Barbieri v. Redstone Am. Grill, Inc.*, 07 C 5758, 2009 U.S. Dist. LEXIS 9309 * 3-4 (N.D. Ill. Feb. 6, 2009) (*quoting* S. Rep. No. 108-166, at 3 (2003)); *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008); *Harris v. Mexican Specialty Food, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009).

47.     Zara's conduct exposed Plaintiffs and the members of the class to an increased risk that their payment card could be compromised.

48.     Plaintiff Tsang loss time in reviewing his receipt to determine whether Zara was in compliance with 15 U.S.C. § 1681c(g)(1).

49.     Plaintiff Mussat in unable to locate the electronically printed receipts corresponding to her two purchases at Zara and therefore is at a greater risk of having her payment card compromised.

50.     One of the intended benefits of 15 U.S.C. § 1681c(g)(1) was to eliminate the need for a person to review their receipt to make sure that too much financial information was not on the receipt before disposing of it.

51.     One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions.  Identity thieves who do this are known as carders and "dumpster divers."  This modus operandi is more common than the use of sophisticated electronic means to obtain the information.  Robin Sidel, Identity Theft Unplugged Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way, Wall Street Journal, Oct. 5, 2006, p. B1.

52.     Zara received notice of 15 U.S.C. § 1681c(g)(1)'s requirements.

53.     Zara was contractually bound not to print anymore than the last five digits of payment cards account numbers on any electronically printed receipts provided to the cardholder at the point of sale.

54.     Zara knew the truncation requirement of requirements of 15 U.S.C. § 1681c(g)(1) regarding credit card account numbers prior to April 28, 2015.

55.     Zara knew the truncation requirement of requirements of 15 U.S.C. § 1681c(g)(1) regarding credit card account numbers prior to December 17, 2014.

56.     Zara either knowingly violated 15 U.S.C. § 1681c(g)(1) or alternatively, failed to

take necessary steps of a known danger to prevent 15 U.S.C. § 1681c(g)(1) from being violated, which is reckless conduct.

57.     On information and belief, ZARA violated 15 U.S.C. § 1681c(g)(1) at least one thousand times a day at all times relevant to this Complaint.

## CLASS ALLEGATION

58.     Plaintiffs bring this action individually and on behalf of a class pursuant to FED. R. CIV. P. 23(a) and (b)(3) defined as: All persons whom at a Zara store located in the United States were provided an electronically printed receipt at the point of sale that contained more than the last five digits of their payment card's account number, from a time period beginning two years prior to the filing of this lawsuit until Zara stopped printing such receipts. Excluded from this class are all class members who did not timely opt-out of the *Vasquez* settlement.

59.     The class is so numerous that joinder of all individual members in one action would be impracticable.

60.     On information and belief, there are more than one thousand persons in the United States as defined by the putative class definition proposed above.

61.     Plaintiffs' claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same willful conduct.

62.     There are common questions of fact and law affecting members of the class, which common questions predominate over questions that may affect individual members. These include the following:

      a.  Whether a reasonable reading of 15 U.S.C. § 1681c(g)(1) prohibited Zara's conduct; and

      b.  Whether Zara's conduct was done with knowledge or at a minimum was

reckless in light of a known danger entitling Plaintiffs and the class members to punitive damages.

63.     It is proper to certify as a class action this matter brought under 15 U.S.C. § 1681c(g)(1).   *E.g. Stillmock v. Weis Mkts., Inc.*, 385 Fed. Appx. 267 (4th Cir. 2010) (unpublished); *see e.g. Vasquez v. Zara USA Inc.*, 1:15-cv-03433 (N.D. Ill.).

64.     Plaintiffs' will fairly and adequately represent the class members.

65.     Plaintiffs' have no interests that conflict with the interests of the class members.

66.     Plaintiffs' have retained experienced counsel in class action matters.

67.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible and the class members may not be aware that their rights have been violated.

68.     Zara, on information and belief, has retained or has access to the payment card account numbers of the putative class members that can be used in identifying the cardholders.

WHEREFORE, Plaintiff request this Honorable Court to enter judgment in favor of Plaintiffs and the class for:

a.      Damages available under 15 U.S.C. § 1681n(a)(1)(A) per person;

b.      Punitive damages available under 15 U.S.C. § 1681n(a)(2) if the evidence warrants;

c.      Attorney's fees and costs available under 15 U.S.C. § 1681n(a)(3); and

d.      Any other relief deemed appropriate by the Court.

Respectfully submitted,

By: /s/ Curtis C. Warner

Curtis C. Warner
cwarner@warnerlawllc.com

11

Warner Law Firm, LLC
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290

**EXHIBIT A**



**EXHIBIT B**

## CHASE 🔷                    7703

P.O. BOX 15123
WILMINGTON, DE
19850-5123

**AUTOPAY IS ON**
See Your Account
Messages below
for details.

| | |
|---|---|
| **Payment Due Date:** | 05/03/15 |
| **New Balance:** | |
| **Minimum Payment:** | $25.00 |

**Account number:** 7703

$_____ Amount Enclosed

**AUTOPAY IS ON**

84355 BEX Z 09615 C
FLORENCE MUSSAT

*paid o⁻ 12/15*

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153

7703

### MileagePlus UNITED

Manage your account online: www.chase.com/united
Customer Service: 1-800-537-7783
Mobile: Visit chase.com on your mobile browser

### ACCOUNT SUMMARY

| | |
|---|---|
| **Account Number:** | 7703 |
| Previous Balance | |
| Payment, Credits | |
| Purchases | |
| Cash Advances | |
| Balance Transfers | |
| Fees Charged | |
| Interest Charged | |
| New Balance | |
| Opening/Closing Date | |
| Credit Access Line | |
| Available Credit | |
| Cash Access Line | |
| Available for Cash | |
| Past Due Amount | $0.00 |
| Balance over the Credit Access Line | $0.00 |

### PAYMENT INFORMATION

| | |
|---|---|
| New Balance | |
| Payment Due Date | 05/03/15 |
| Minimum Payment Due | $25.00 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00 and your APR's will be subject to increase to a maximum Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | | |
| | | |

If you would like information about credit counseling services, call 1-866-797-2885.

### YOUR ACCOUNT MESSAGES

Your next AutoPayment for ▓▓▓ will be deducted from your account and credited on your due date (previous day if your due date falls on a Saturday or Holiday). If you make a payment prior to your due date, that amount will be deducted from the AutoPayment amount identified above.

### UNITED MILEAGEPLUS AWARD MILES SUMMARY

+ 1 Mile per $1 earned on all purchases
+ Additional miles earned on United purchases
Total miles transferred to United
Year-to-date miles earned on credit card

### ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| **PAYMENTS AND OTHER CREDITS** | | |
| 03/27 | Payment Thank You Image Check | |
| 04/03 | AUTOMATIC PAYMENT - THANK YOU | |
| **PURCHASES** | | |
| 03/07 | | |
| 03/07 | ZARA USA 3697 CHICAGO IL | 458.09 |

sentin

byteshard



MileagePlus UNITED

Manage your account online: www.chase.com/united

Customer Service: 1-800-537-7783

Mobile: Visit chase.com on your mobile browser

## ACCOUNT ACTIVITY (CONTINUED)

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
| --- | --- | --- |
| 03/11 | | |
| 03/13 | | |
| 03/14 | | |
| 03/13 | | |
| 03/15 | ZARA USA 3697 CHICAGO IL | 119.96 |

15