# APPENDIX 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YAN TSANG and FLORENCE MUSSAT, | ) | |
| | ) | Case No. 15-cv-11160 |
| Plaintiff, | ) | |
| | ) | Judge Der-Yeghiayan |
| v. | ) | |
| | ) | |
| ZARA USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT

**1. Parties.** This Settlement Agreement ("Settlement Agreement") is entered into between Plaintiff Yan Tsang ("Plaintiff" or "Class Representative"), on behalf of himself and each of the Settlement Class Members as defined herein and Defendant Zara USA, Inc., as well as its current and/or former insureds, agents, principals, partners, managers, and each of their employees, representatives, attorneys, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and predecessor and successors in interest ("Defendant," "Zara USA" or "Zara"). Plaintiff and Defendant are collectively referenced as the Parties ("Parties").

**2. Nature of the Litigation.** Plaintiff filed a putative class action lawsuit on behalf of himself and a class of similarly situated persons in the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"), against Defendant alleging willful violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA") (the "Lawsuit"). Specifically, Plaintiff claims that Defendant willfully violated 15 U.S.C. § 1681c(g)(1) because Plaintiff received from Defendant an electronically printed receipt at the point of sale that displayed the first six digits of Plaintiff's payment card. Plaintiff sought to recover statutory damages in an amount of $100 to $1,000 per willful violation for himself and each putative class member. Plaintiff did not seek any actual damages for himself or for the Class. Defendant denies that it willfully violated the FACTA, and it denies that Plaintiff and the Class Members are entitled to any damages. Defendant denies that a class should be certified under the Federal Rules of Civil Procedure.

**3. Certification of Class for Settlement Purposes Only.** The Parties agree to request the Court to certify a class for settlement purposes only (the "Settlement Class") consisting of:

All persons to whom Zara USA provided an electronically printed receipt at the point of sale in a transaction occurring inside one of Zara's stores in the United States, from April 28, 2015, to July 1, 2015, which displayed the credit card's first six digits. The class includes debit cards that were used as credit cards without a PIN being used, but excludes debit cards in which a PIN was used.

According to Zara's records, there were 4,245 transactions during the settlement class time period.

**4. Class Representative and Class Counsel.** In this Settlement Agreement, "Class Counsel" shall refer to Curtis C. Warner of Warner Law Firm, LLC. The appointment of Curtis C. Warner is subject to the Court's Approval. The appointment of Plaintiff as the class representative is subject to the Court's Approval.

**5. Risks to Plaintiff and the Class Members.** Plaintiff has not alleged the existence of any actual damages resulting from Defendant's alleged conduct. To prevail on his claim, Plaintiff must establish that Defendant willfully violated the FACTA. Defendant contends that it did not act willfully. After considering the substantial benefits that the Class will receive under this Settlement Agreement and that Defendant will vigorously oppose class certification and opposes the claim asserted in the Lawsuit, the attendant risks, uncertainties and delays of litigation, Plaintiff and Class Counsel have concluded that it is fair, equitable and in the interest of Plaintiff and the Settlement Class to resolve the Lawsuit upon the terms and conditions provided for in this Settlement Agreement.

**6. This Matter was Settled Through Arms-Length Negotiations.** On April 12, 2016, the parties held a settlement conference with the Honorable Magistrate Judge Jeffery T. Gilbert in which Plaintiff, Plaintiff's counsel, Defendant's General Counsel from New York, along with Defendant's counsel and Defendant's insurance carrier's counsel attended. Ultimately the parties reached an agreement on the material terms at the settlement conference. Following negotiations among parties at the settlement conference, the terms of this Settlement Agreement were reached.

**7. Risks to Defendant.** Defendant has vigorously denied, and continues to deny: (1) all liability with respect to any and all of the facts or claims alleged in the Lawsuit; (2) that it engaged in any wrongdoing; (3) that it acted improperly in any way; (4) any liability to Plaintiff and/or any Class Member, in the case against Defendant; and (5) that Plaintiff's Complaint states a valid claim under FACTA. Defendant further will oppose any renewed motion for class certification. Defendant nevertheless desires to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing the Lawsuit, and for the purpose of putting to rest all controversies among the Parties.

**8. Liability.** Defendant continues to deny that it has committed any wrongdoing as alleged by the Plaintiff. In no event is this Settlement Agreement to be construed as, or is to be deemed evidence of, an admission or concession on the part of Defendant with respect to: any claim by Plaintiff and the Class; any fault, liability, wrongdoing or damage; the merits of any defenses that Defendant has asserted; or the propriety of certification of the Class if the Lawsuit was to be litigated rather than settled. Plaintiff asserts that he has filed a meritorious case.

**TERMS**

**9. Effective Date.** The "Effective Date" will be one of the following dates as determined by the

*Tsang v. Zara USA Inc.*
**Settlement Agreement**

following actions that may occur: (A) If there are no objections the settlement will be final seven (7) days after the entry of the final approval order; (B) If there are no objections, other than to attorney's fees, the settlement will be final between the settlement class members and Zara USA seven (7) days after the entry of the final approval order; or (C) If there are objections other than to attorney's fees, the settlement will be final seven (7) days after the expiration of the final appellate period has run.

**10. Consideration Provided to the Class Members and Plaintiff, and Attorney's Fees Payable to Class Counsel.** Zara will establish and pay four hundred twenty four thousand and five hundred dollars ($424,500) for use as a "Common Fund" as set forth below. In addition, and separately from the Common Fund, Zara shall pay for notice and the costs of administering this Settlement and to pay Plaintiff an incentive award. Any uncashed checks distributed to Claimants that have become void after forty-five (45) days will be awarded *cy pres* to Dress for Success, whose website is https://www.dressforsuccess.org/. A joint letter shall accompany any *cy pres* award and request that the *cy pres* be used towards the organization's efforts in the United States. Any monies left from the Common Fund after all distributions outlined in this Settlement Agreement have been made will revert back to Zara USA.

      (a)    **Settlement Class Members – Part of the Common Fund:** Each Settlement Class Member who makes a timely claim that is accepted ("Claimant") will receive a *pro rata* share of the Common Fund, <u>after</u> payment of Attorney's Fees (as defined below), subject to a maximum payment of $100 (one hundred dollars) per payment card transaction that Settlement Class Member engaged in during the settlement class time period where the electronically printed receipt displayed the credit card's first six digits, the ("Claimants' Share"). If the Claimants' claims plus Attorney's Fees does not total more than four hundred twenty four thousand and five hundred dollars ($424,500), each claimant shall receive a payment of $100 (one hundred dollars). The Claimants' Share shall be sent by the Notice and Claims Administrator fourteen (14) days after the Funding Date. Defendant shall not be liable, and will not be obligated to pay, any amount in excess of four hundred twenty four thousand and five hundred dollars ($424,500) in total for distributions to Settlement Class Members and payment of Attorney's Fees. Any monies left from the Common Fund after the distributions to Settlement Class Members and payment of Attorney's Fees will revert back to Zara USA.

      (b)    **Costs of Notice and Administration – Not Part of the Common Fund:** All costs of notice and administration related to implementing the terms of this Settlement Agreement shall be paid by Defendant and is separate from the Common Fund.

      (c)    **Plaintiff's Award – Not Part of the Common Fund:** Defendant shall pay Plaintiff ten thousand dollars ($10,000) as an incentive award to reflect his time and effort in bringing the Lawsuit and participating in the settlement conference ("Plaintiff's Award"). The amount of Plaintiff's Award is subject to Court approval. Payment of the amount of Plaintiff's Award shall be issued by Zara or its insurance carrier in Plaintiff's name and sent to Warner Law Firm, LLC, 350 S. Northwest HWY, Ste. 350, Park Ridge, Illinois 60068, by overnight delivery with either FedEx or UPS within twenty-one (21) days after the final award of attorney's fees, including exhaustion of all appellate rights or within 14 days after the Effective Date as set forth in paragraph 9(A), *supra,* if the conditions in paragraph 9(A) are met. Class Counsel will then

distribute the exact amount awarded by the Court to Plaintiff. Under no circumstances will the Defendant be liable to Plaintiff for, because of, relating to, concerning or as a result of the failure or inability of Class Counsel to distribute Plaintiff's Award to Plaintiff, and Plaintiff releases Defendant from any and all disputes or claims because of, relating to, concerning, or as a result of the failure or inability of Class Counsel to distribute Plaintiff's Award to Plaintiff.

      (d)    **Attorney's Fees and Costs – Part of the Common Fund:** Zara shall pay up to 20% (twenty percent) of the total payments paid to the Settlement Class Members from the Common Fund to Class Counsel as Class Counsel's attorney's fees and costs ("Attorney's Fees"). This amount of Attorney's Fees is based on a common fund theory of recovery, and is subject to the Court's approval. Class Counsel and Plaintiff agree that the Defendant shall not pay, and will not be obligated to pay, in excess of 20% (twenty percent) of the total payments paid to the Settlement Class Members from the Common Fund in Attorney's Fees to Class Counsel. Payment of the amount of Attorney's Fees will be issued by Zara or its insurance carrier to "Warner Law Firm, LLC" and sent to Warner Law Firm, LLC, 350 S. Northwest HWY, Ste. 350, Park Ridge, Illinois 60068, by overnight delivery with either FedEx or UPS within twenty-one (21) days after the final award of attorney's fees, including exhaustion of all appellate rights, or within 14 days after the Effective Date as set forth in paragraph 9(A), supra if the conditions in paragraph 9(A) are met. Defendant shall not be liable, and will not be obligated to pay, any amount of Attorney's Fees and Costs other than as identified herein.

**11. Releases.** The releases below are conditioned upon the approval of the Settlement Agreement by the Court and Defendant meeting its obligations herein. The Parties agree to the following release, waiver, and covenant not to sue, which shall take effect upon the Effective Date. If this Settlement Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever. Nothing in this Release shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed herein.

      (a)    **Plaintiff.** In accordance with the provisions of the Final Approval Order, for good and sufficient consideration, upon the Effective Date or after the final award of Attorney's Fees, including exhaustion of all appellate rights, whichever is longer, Plaintiff shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally and forever released, relinquished and discharged any and all claims, including unknown claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual, equitable or common law claims, whether known or unknown, whether or not concealed or hidden, against Defendant, the parties other than the Plaintiff named in paragraph 1 hereinabove and any insurers, reinsurers, insureds, agents, principals, partners and joint ventures, and each of their employees, representatives, attorneys, trustees, officers, directors, shareholders, divisions, heirs, assigns, and predecessor and successors in interest, (collectively "Released Parties") that arose or accrued at any time on or prior to the date the Court grants preliminary approval of the Settlement for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, statutory damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way relating to the publication of cardholder account

*Tsang v. Zara USA Inc.*
**Settlement Agreement**

information on a receipt, including but not limited to printing the cardholder's first six digits of the account number and/or the expiration date upon a receipt provided to the cardholder at the point of sale or transaction, (collectively, "Plaintiff's Released Claims"). Plaintiff represents and warrants that he is the sole and exclusive owner of all claims that he is personally are releasing under this Settlement Agreement. Plaintiff further acknowledges that he has not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds, or value under the Action, and that Plaintiff is not aware of anyone other than himself and fellow Settlement Class Members claiming any interest, in whole or in part, in the Action or in any benefits, proceeds, or values under the Action.

      **(b)**    **Class Members**. Each member of the Settlement Class releases and discharges the Released Parties of all suits, liability, and claims including claims for the payment of attorney's fees and costs relating to any electronically printed receipt provided to the cardholder at the point of sale or transaction inside any of Zara's stores in the United States which occurred from April 28, 2015, to July 1, 2015, which displayed the payment card's first six account numbers as asserted in the Lawsuit under the facts alleged in the Lawsuit.

      **(c)**    Plaintiff and the Settlement Class Members expressly agree that, upon the Effective Date, this Release, and the Final Order and Final Judgment are, will be, and may be raised as a complete defense to, and will preclude, any Released Claim asserted by any Releasing Party against any Released Party. Plaintiff and the Settlement Class Members shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing, or prosecution of any suit, action, and/or proceeding, against any Released Party with respect to the Released Claims. It is the intention of Plaintiff's Class Counsel, Plaintiff, and the Settlement Class Members in executing and accepting this Settlement Agreement to fully, finally and forever settle, release, and discharge all Plaintiff's Released Claims and the Class Members' Release Claims as set forth in this Settlement Agreement. The Parties hereby agree and acknowledge that the provisions of this Release constitute an essential and material term of the Settlement Agreement and shall be included in any Final Order and Final Judgment entered by the Court and the Parties shall undertake such efforts as are necessary to include this release in the Court's Final Order and Final Judgment.

**12. Notice and Claims Administration.**

      (a) The costs of the Notice and Claims Administrator will be paid by Defendant separate of the Common Fund. The Notice and Claims Administrator ("Notice and Claims Administrator") shall be Heffler Claims Group. Counsel for the Parties shall have equal access to the Notice and Claims Administrator. The Notice and Claims Administrator shall receive any Claims submitted by Settlement Class Members. The Notice and Claims Administrator will promptly provide copies of all Claim Forms or other documents received from Settlement Class Members to Defendants and Plaintiff's Class Counsel in .pdf format or by posting all such Claim Forms or other documents to an electronic portal that is accessible by Defendants and Plaintiff's Class Counsel via email. The Notice and Claims Administrator shall receive any Claims submitted by Settlement Class Members via the US Mail at an address designated by the Notice

and Claims Administrator.

**(b)** If the Notice and Claims Administrator disputes the validity of a Claim Form, the Notice and Claims Administrator shall send the Parties' counsel an email with a copy of the claim and the reason(s) for the dispute. If no resolution on whether the claim should be rejected is reached, the issue of whether the Claim Form should be rejected will be submitted to the Court with the Final Approval Motion. The Parties agree that the following are the only grounds upon which a Claim Form shall be rejected, subject to the Court's ultimate decision:

(1) The Settlement Class Member seeks a Settlement Payment for a transaction with Defendant that is not covered by the terms of this Settlement Agreement;

(2) The Settlement Class Member has failed to sign the Claim Form. However if this occurs, the Notice and Claims Administrator shall notify Defendant's Counsel and Plaintiff's Class Counsel, and Plaintiff's Class Counsel will call, write, and/or email the Settlement Class Member to notify he/she that they need to sign the Claim Form;

(3) The Claim Form is illegible or incomplete to a degree that renders impossible any payment to the Settlement Class Member;

(4) The Claim Form is clearly fraudulent;

(5) The Claim Form is duplicative of another Claim Form because it is from the same person, address, or household;

(6) The person submitting the Claim Form is not a Settlement Class member;

(7) The Settlement Class Member has failed to submit a Claim Form by the Bar Date;

(8) The documents submitted along with Claim Form are illegible; and/or

(9) The Claim Form otherwise does not meet the Requirements of this Stipulation of Settlement.

**(c)** The Parties agree that the Claims Period shall run for 45 days after the Notice Mailing Date, upon which date the Claims Period shall be closed (the "Claim Bar Date"). The dates above in this section may be changed by order of Court and shall have no effect on the other terms of this Settlement Agreement.

**(d) Funding the Settlement Amounts.** Within seven (7) business days after the Effective Date, Defendant shall tender to the Notice and Claims Administrator the total combined dollar amount of the Claimants' share to be distributed by the Notice and Claims Administrator under the terms of this Agreement (the "Funding Date").

**(e) Payment of Costs of Notice and Administration.** Zara shall separately contract for the payment of all costs of notice and administration of the Settlement with the Notice and Claims Administrator and separately fund those costs pursuant to its agreement with the Notice and Claims Administrator.

**(f) Distribution of the Settlement Amounts and Payment Requirements.** Within 14 (fourteen) days following the "Funding Date" Defendant shall cause the Claimant's Share to mailed to each Claimant in a white No. 10 envelope with the phrase printed in red "Settlement – Zara USA Class Action (FACTA): Please Read" and with the return address of:

Zara USA

c/o Notice and Claims Administrator
With a P.O. Box location to be determined by the Notice and Claims Administrator;

The Notice and Claims Administrator shall maintain and monitor an active and valid mailing address for the purpose of receiving any returned cash payments. Neither the Notice and Claims Administrator, Zara USA nor Plaintiff or Class Counsel have the obligation to skip-trace any returned Claimant's Share to which no forwarding address is provided. The Notice and Claims Administrator shall be required to do only one search through National Change of Address for any undeliverable checks.

**(g) Settlement Checks Void Date.** Class Members' Settlement Checks and those checks issued to Class Members in any Second Distribution shall expire and be void if not cashed within 45 (forty-five) days of the date of issuance by the Notice and Claims Administrator, including all checks that are undeliverable (the "Void Date"). All uncashed Settlement Checks that remain after the Void Date, will be awarded on a *cy pres* basis to Dress for Success.

13. **Notice / Administration / Claims Process.**

Prior to moving for preliminary approval Zara will retain an expert to provide an affidavit or declaration regarding his or her opinion whether the notice plan is in compliance with due process. That affidavit or declaration shall be filed as an exhibit with the motion for preliminary approval.

Notice to the Settlement Class Members shall be provided by direct mail by the Notice and Claims Administrator using only addresses identified by the Notice and Claims Administrator. The Notice and Claims Administrator (Heffler Claims Group) will perform locator searches based upon the names provided by Zara USA, and the proximity to store locations, followed by nationwide searches in certain instances, to determine the mailing addresses of likely Settlement Class Members. There will be no other form of notice provided to Settlement Class Members. Each party shall have equal access to the Notice and Claims Administrator and the information related to administrating the settlement of this matter.

 I.    Direct Notice

The Claims Administrator shall give direct notice to each Settlement Class Member by sending the Notice of Class Action Settlement (the "Class Notice"), via a post card notice, a copy of which is attached as (Exhibit A). Such notice will be mailed 60 days after preliminary approval of the Settlement Agreement (the "Notice Mailing Date").

 II.    Administrative Support

 (a) **Settlement Website.** At Defendant's expense, and separate from the common fund, Defendant shall cause to be obtained the domain name www.SettlementZara.com for the purpose of establishing a website that will contain the summary one page notice (Exhibit B), the full class notice (Exhibit C), the operative complaint, Defendant's operative answer, the settlement agreement, preliminary approval order, dates set by the Court, and the number of the FAQ

Telephone Line. At Defendant's expense, Defendant shall cause to be obtained the domain name www.ZaraSettlement.com for the sole purpose of forwarding the person who accesses that page to www.SettlementZara.com. The Settlement Website shall also be able to accept claims made by the Settlement Class Members. The Notice and Claims Administrator shall design the website. The claim form, the long form notice, and FAQ's about the settlement shall also be posted on the Settlement Website. On the Settlement Website, placed towards the top center of the home page, in text larger than the other text appearing on the home page, shall appear the following text in bold font no smaller than 16 points or two points smaller than the largest text on the page, whichever is larger, "Click here to file a claim for up to $100," and this text will be hyperlinked to the claims form page. Below this text and on the claims form page will be language similar to, but determined by the Notice and Claims Administrator based on their setup of the Settlement Website, "Information submitted via this website is secure and encrypted." As soon as reasonably practicable, the Notice and Claims Administrator shall make available to counsel for the parties the Settlement Website to view. This must be done at least three business days prior to the website going live. No other material may be posted on the Settlement Website without advance approval by Defendant. Fourteen (14) days after the Void Date, as defined in paragraph 12(g), *supra*, or 75 days after the Effective Date, which ever date is shorter, Defendant shall cause the Settlement Website to become "dormant" by either removing all content from the Settlement Website and leaving it blank, or by placing the Settlement Website "under construction."

(b) **FAQ Telephone Number.** At Defendant's expense and separate from the common fund, Defendant will establish a toll-free automated Frequently Asked Questions Telephone Line dedicated to providing members of the Settlement Class information about the Settlement Agreement, provide dates set by the Court, explain the Opt-Out, Exclusion, and Objection process, provide Class Counsel's telephone number and any other information that Class Counsel based on experience deems important regarding the Settlement Agreement.

(c) **The Claims Process.** Each class member who desires to make a claim must submit a claim to the Notice and Claims Administrator on or before the Claim Bar Date either (I) through the Settlement Website, or (II) by the US Mail.

(I) **Submitting a Claim through the Settlement Website**: Each class member must provide her or his name and address to the Notice and Claims Administrator to make a claim. In addition, each class member must provide the following information to the Notice and Claims Administrator to make a claim:

**Either:**

(i) All of the following:

(A) Location of the city of the store where claimant's purchase(s) were made. A drop down box on the Settlement Website will provide the following names of the cities and states the person making a claim can choose: McLean, Virginia; New York, New York; Miami, Florida; Miami Beach, Florida; Dallas, Texas; and Other (which will allow the claimant to enter the store location);

(B) The Name of the Credit Card Used (A drop down box on the Settlement Website will provide a list of all credit cards; e.g. Visa, MasterCard);

(C) The last four digits of the payment card that they used; and

*Tsang v. Zara USA Inc.*
**Settlement Agreement**

(D)    A representation that their purchase was made between April 28, 2015 and July 1, 2015.  Such a representation shall be made by ticking a box on the settlement website.

Fields (i)(A)-(D) above are required fields on the Settlement Website.  If a class member does not complete any of the required fields, the settlement website shall prompt and notify the claimant of any fields that are missing or incomplete, and request that the claimant complete those fields. The settlement website shall not accept any incomplete claims.

**Or:**
(ii)  Either of the following:

(A)    A complete or redacted legible copy of their receipt showing a purchase that occurred between April 28, 2015 and July 1, 2015, at a Zara store in the United States; or

(B)    A complete or redacted legible copy of her or his payment card's billing statement showing a purchase that occurred between April 28, 2015 and July 1, 2015, at a Zara store in the United States.

These documents may be submitted in .pdf or .jpg format.  If a class member attempts to submit a .jpg or ,pdf and that submission is unsuccessful, the settlement website will notify and prompt the claimant to resubmit the .jpg or .pdf  to the settlement website.  The website shall not accept any incomplete claims.  The Notice and Claims Administrator shall establish a secure webpage to receive the claims such as https://SettlementZara.com/claims.

(II)    **Submitting a Claim by US Mail:** Each class member who desires to submit a claim by US Mail must request a claim form from the Notice and Claims Administrator and submit the claims form to the Notice and Claims Administrator by US Mail postmarked on or before the Claim Bar Date.  The claims form will request the same information from the class member as requested above in section (I). A copy of the claim form is attached hereto as (Exhibit D).

**Submitting a Claim:** Each class member who desires to submit a claim by must return a claim form to the Notice and Claims Administrator by on or before the Claim Bar Date.  Each class member must provide her or his name and address to the Notice and Claims Administrator to make a claim.  In addition, each class member must provide the following information to the Notice and Claims Administrator to make a claim:

**Either:**
(i) All of the following:

(A)    Location of the city of the store where claimant's purchase(s) were made;

(B)    The Name of the Credit Card Used;

(C)    The last four digits of the payment card that they used; and

(D)    A representation that their purchase was made between April 28, 2015 and July 1, 2015, and that the electronically printed receipt displayed the credit card's first

*Tsang v. Zara USA Inc.*
**Settlement Agreement**

six digits.  Such a representation shall be made by ticking a box on the claim form.

**Or:**
(ii)  Either of the following:

(A)  A complete or redacted legible copy of their receipt showing a purchase that occurred between April 28, 2015 and July 1, 2015, at one of Zara's stores in the United States, which displays the credit card's first six digits; or
(B)  A complete or redacted legible copy of her or his payment card's billing statement showing a purchase that occurred between April 28, 2015 and July 1, 2015, at a Zara store located in the United States.

## 14.  Exclusions From And Objections To Settlement.

**(a) Opt-Out and Request for Exclusions Date (the "Opt-Out Date").** The "Opt-Out Date" will be 45 days after the Notice Mailing Date.  Each member of the Settlement Class who wishes to Opt-Out or otherwise be excluded from the Settlement Agreement must send notice of their intent by U.S. Mail or e-mail or otherwise deliver to one of the counsel for the Parties or file with the Court an appropriate written request for exclusion, including his or her name, address, that is electronically or personally signed by the member of the Settlement Class or his or her attorney, which request must be postmarked on or before the Opt-Out Date, and which must be actually received by counsel for the Parties or filed with the Court not later than five (5) business days after the Opt-Out Date.  No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with that member of the Settlement Class, may request exclusion of any other member of the Settlement Class.  A copy of the original request for exclusion shall be filed with the Court by Class Counsel not later than 14 days after the Opt-Out Date.  Copies of requests for exclusion will be exchanged with Class Counsel and counsel for Defendant not later than five (5) business days after the Opt-Out Date.  The Notice and Claims Administrator is to promptly email a copy of any Opt-Out it receives to both Plaintiff's counsel and Defendant's counsel.  If this Settlement Agreement is approved, any and all persons within the Class who have not submitted a timely, valid and proper written request for exclusion from the Settlement, will be bound by the releases and other terms and conditions set forth herein and all proceedings, orders and judgments in the Lawsuit.  Counsel for the Parties shall in good faith shall consider whether the member of the Class has Opted-Out or otherwise excluded themselves from the Settlement Agreement.  In the event that Counsel for the Parties cannot agree whether the member of the Class has Opted-Out or otherwise excluded themselves from the Settlement Agreement, the question shall be presented to the Court in the Final Approval Memorandum submitted by Class Counsel.  Any person who Opts-Out may not file an objection or a Claim and shall be deemed to have waived any rights or benefits under this Settlement Agreement but will not be bound by the terms of this Settlement Agreement.

**(b) Objections to Settlement.**  The deadline for a member of the Settlement Class to object to the Settlement will be 28 days after the Opt-Out Date (the "Settlement Objection Date").  Any Class Member who has not filed a timely, valid and proper written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement or the Settlement, or to any award of attorneys' fees and costs, should file the objection with the Clerk

of the Court by the Settlement Objection Date, or as the Court may otherwise direct, a written statement, signed by him or her, or his or her duly authorized agent, including the member of the Settlement Class' name and address and setting forth his or her objection(s), as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and a description of any evidence the Class Member wishes to introduce in support of the objection(s), (an "Objector"). Any Objector may so object either on his/her own or through an attorney hired at his/her own expense who files an appearance on his/her behalf. The Objector need not personally appear at the Fairness Hearing to have their objections considered by the Court. Any Objector shall be entitled to all of the benefits of the settlement if this Settlement Agreement and the terms contained herein are approved, as long as the Objector complies with all requirements of this Settlement Agreement applicable to Settlement Class Members, including the timely submission of a Claim Form.

The dates above in this section may be changed by order of Court and shall have no effect on the other terms of this Settlement Agreement.

**15. U.S. Cashiers Manual.** Zara will incorporate into its U.S. Cashiers Manual, within six months of final approval of the settlement, a procedure whereby employees will be instructed to check the first credit card receipt printed each day from a point of sale register to make sure that it is compliant with FACTA.

**16. Cooperation.** Plaintiff and Defendant and their respective attorneys, and agents agree to cooperate in good faith with one another and to use their best efforts to effect the consummation of this Settlement Agreement under the terms specified in this Settlement Agreement. In the event there is an impasse or unresolved disagreement between the Parties involving the consummation of this Settlement Agreement, the Parties agree, prior to preparing and presenting any motion to the Court, to speak to each other over the telephone to discuss a resolution of the impasse or disagreement without the Court's assistance. If the Parties remain at an impasse or unresolved disagreement after that telephone conversation, then the dispute may be formally submitted to the Court for resolution via motion practice. The Parties agree that the Notice of Presentment date for any such motion will be no <u>earlier</u> than five (5) business days after the date of filing of any such motion.

**17. Preliminary Approval.** As soon as practicable after execution of this Settlement Agreement, Plaintiff shall make application to the Court for an order ("Preliminary Approval Order") that:

(a) preliminarily approves this Settlement Agreement;

(b) finds that the requirements for provisional certification of the Settlement Class have been satisfied, appointing Plaintiff as the representative of the Settlement Class, and Plaintiff's Class Counsel as counsel for the Settlement Class, and preliminarily approving the settlement as being within the range of reasonableness;

(c) schedules the Final Approval Hearing of this Settlement Agreement by the Court for a date that is not earlier than 14 days after the Settlement Objection Date, and Plaintiff's

Memorandum in Support of Final Approval of this Settlement Agreement;

(c) provides that Settlement Class members will have until the Claim Bar Date to submit Claims Forms;

(d) provides that Settlement Class members who have submitted a valid claim have until the Settlement Objection Date to file an objection to the Settlement Agreement;

(e) provides that all Settlement Class Members will be bound by the Final Order and Final Judgment dismissing the Action with prejudice unless such member of the Settlement Class files an Opt-Out request or otherwise excludes themselves by the Opt-Out Date;

(f) provides that, pending the Fairness Hearing and the Final Effective Date, Plaintiff, and all Settlement Class Members, are enjoined from commencing or prosecuting, either directly or indirectly, any action asserting any of Plaintiff's Released Claims and the Class Members' Released Claims against any of the Released Parties unless the Settlement Class Member has timely opted-out of the settlement; and

(g) finds that notice satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

The dates above in this section may be changed by order of Court and shall have no effect on the other terms of this Settlement Agreement.

**18**. **Final Approval.** No later than 14 days after the Opt-Out Date, Class Counsel shall request that the Court enter a final order ("Final Approval Order"):

(a) determining that the Court has personal jurisdiction over all Plaintiff and Settlement Class Members, that the Court has subject matter jurisdiction over the claims asserted in the Action, and that venue is proper;

(b) approving the terms of this Settlement Agreement as fair, reasonable and adequate, pursuant to Federal Rule of Civil Procedure 23;

(c) certifying the Settlement Class for settlement purposes only;

(d) providing for the implementation of those terms and provisions;

(e) finding that the notice given to the class satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and that it was fair, adequate, and sufficient, as the best practicable notice under the circumstances, and as reasonably calculated to apprise members of the Settlement Class of the Action, the Settlement Agreement, their objection rights, and their exclusion rights;

(f) dismissing the Lawsuit with prejudice and without taxation of costs or attorney's fees

(except as otherwise provided herein) to be converted to a dismissal with prejudice and without costs 14 (fourteen) days after the Notice and Claims Administrator's distribution of any *cy pres* award;

(g) incorporating the Release set forth in the Settlement Agreement and making the Release effective as of the Effective Date;

(h) listing or incorporating by reference all Opt-Outs;

(i) authorizing all Parties to implement the terms of the Settlement Agreement; and

(j) permanently enjoining all Settlement Class Members and those subject to their control from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in on its behalf, any Released Claims against any of the Released Parties.

Plaintiff shall submit a Final Approval Memorandum in support of Final Approval of the Agreement, payment of a Plaintiff's Award and for an award of Attorney's Fees as set forth above.

The dates above in this section may be changed by order of Court and shall have no effect on the other terms of this Settlement Agreement.

**19. Notice of Objections.** Settlement Class members shall be directed to file their Notice of Objections with the Clerk of the Court. If either counsel for the Parties receives a Notice of Objection, that counsel shall within five (5) business days provide a copy to counsel for the opposing party. If the Notice and Claims Administrator receives a Notice of Objection, the Notice and Claims Administrator shall within five (5) business days provide a copy to Plaintiff's counsel and Defendant's counsel. If the Objector fails to file the objection with the Court, Class Counsel agrees to file the objection with the Court.

**20. Class Action Fairness Act - Notice to Federal and State Officials.** In compliance with Class Action Fairness Act, Defendant shall within ten (10) business days after this proposed Settlement Agreement is filed with the Court, provide notice to the appropriate federal and state officials as required under the Act.

**21**. **Termination Of The Settlement Agreement.** If the Court does not approve this Settlement and the terms of this Settlement Agreement as set forth herein, or if the Settlement and Settlement Agreement do not receive final approval after review by any court of competent jurisdiction for any reason, or is otherwise terminated in accordance with its terms, the Parties will be returned to their status immediately prior to execution of the Settlement Agreement as if this Settlement Agreement had never been made. Accordingly, upon any such termination for any reason, the Parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the Lawsuits as of the date of execution of this Settlement Agreement.

**22**. **Continuing Jurisdiction / Alternative Jurisdiction.** The United States District Court for the Northern District of Illinois, Eastern Division, will have continuing jurisdiction over the Lawsuit for the purpose of implementing the Settlement and the terms of this Settlement Agreement until the Lawsuit and all related matters are fully resolved, and for enforcement of the Settlement, the Settlement Agreement and the Final Approval Order. The Court will be the exclusive venue to resolve any dispute regarding the Parties' obligations pursuant to this Settlement Agreement and/or interpretation of the terms of this Settlement Agreement or the Final Approval Order. If the law should change and the United States District Court for the Northern District of Illinois, Eastern Division, no longer possesses jurisdiction over this case or Settlement Agreement, any subsequent litigation relating to the facts at issue in the Lawsuit or to this Settlement Agreement, including any action to enforce the Settlement Agreement, shall be exclusively venued in the Circuit Court of Cook County, Illinois, Law Division, Second District. This venue selection is without prejudice to either parties' rights to raise all applicable defenses other than venue in that subsequent litigation or enforcement action. The parties agree that venue in the Northern District of Illinois is proper for the purposes of this settlement agreement and for any subsequent matters related to this Lawsuit.

**23. Injunction of Other Claims.** Providing that, pending the Fairness Hearing and the Effective Date, Plaintiff, and all members of the Settlement Class, are enjoined from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims against any of the Released Parties unless they first have timely exercised their right to Opt-Out or otherwise excluded themselves from participation in this Settlement and such an Opt-Out or exclusion has been received.

**24**. **Miscellaneous.**

(a): (i) This is an integrated Settlement Agreement that supersedes all prior representations and agreements, if any, between the Parties, any member of the Settlement Class and their legal counsel; (ii) the Parties represent that they have not relied on any statements, oral or written, in making their decisions to enter into this Settlement Agreement that are not set forth in this Settlement Agreement; and (iii) this Settlement Agreement may not be altered, amended or extinguished except by a writing that expressly refers to this Settlement Agreement and is signed subsequent to the execution of this Settlement Agreement by the Parties.

(b) The Parties agree that any rule of interpretation to the effect that ambiguities are to be resolved against the drafting party shall not apply to the interpretation of this Settlement Agreement. Neither the Settlement Class, Plaintiff, Plaintiff's Class Counsel, the Defendant, nor Defense Counsel shall be deemed to be the drafter of this Settlement Agreement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter. The Parties acknowledge that they are all represented by counsel and had input into the drafting of this Settlement Agreement during extensive arm's length negotiations.

(c) This Settlement Agreement shall be governed and interpreted by the law of the State of Illinois without regard to its choice of law rules.

(d) This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same

*Tsang v. Zara USA Inc.*
**Settlement Agreement**

instrument. Signatures transmitted via facsimile or e-mail are acceptable for the execution of this Settlement Agreement.

(e) The Parties further represent, warrant, and agree that, in executing this Settlement Agreement, they do so with full knowledge of any and all rights which they may have with respect to the claims released in this Settlement Agreement and that they have received independent legal advice from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.

(f) This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, and to their respective agents, principals, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, assigns, and successors in interest.

(g) Each of the individuals executing this Settlement Agreement warrants that he or she has authority to enter into the Settlement Agreement and legally bind the party for which he or she is signing.

(h) The Court in which the Lawsuit is pending will be the exclusive venue to resolve any disputes regarding the Parties' obligations pursuant to the Settlement Agreement and any Court Order.

(i) The Parties acknowledge and agree that no opinion concerning the tax consequences of the proposed settlement to Settlement Class Members is given or will be given by the Parties, nor are any representations or warranties in this regard made by virtue of this Settlement Agreement. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member.

(j) The Parties further acknowledge that they are executing this Settlement Agreement after independent investigation and without fraud, duress or undue influence.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed on the date set forth underneath their respective signatures.

Plaintiff and for the Members of the Settlement Class:

PLAINTIFF

_____       Date: ___6/6/16_____
YAN TSANG

WARNER LAW FIRM, LLC

_____
BY: CURTIS C. WARNER                  Date: _____

15

*Tsang v. Zara USA Inc.*
**Settlement Agreement**

instrument. Signatures transmitted via facsimile or e-mail are acceptable for the execution of this Settlement Agreement.

(e) The Parties further represent, warrant, and agree that, in executing this Settlement Agreement, they do so with full knowledge of any and all rights which they may have with respect to the claims released in this Settlement Agreement and that they have received independent legal advice from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.

(f) This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, and to their respective agents, principals, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, assigns, and successors in interest.

(g) Each of the individuals executing this Settlement Agreement warrants that he or she has authority to enter into the Settlement Agreement and legally bind the party for which he or she is signing.

(h) The Court in which the Lawsuit is pending will be the exclusive venue to resolve any disputes regarding the Parties' obligations pursuant to the Settlement Agreement and any Court Order.

(i) The Parties acknowledge and agree that no opinion concerning the tax consequences of the proposed settlement to Settlement Class Members is given or will be given by the Parties, nor are any representations or warranties in this regard made by virtue of this Settlement Agreement. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member.

(j) The Parties further acknowledge that they are executing this Settlement Agreement after independent investigation and without fraud, duress or undue influence.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed on the date set forth underneath their respective signatures.

Plaintiff and for the Members of the Settlement Class:

PLAINTIFF

_____

YAN TSANG                                           Date: _____

WARNER LAW FIRM, LLC

*Curtis Warner*

BY: CURTIS C. WARNER                      Date: _6/10/16_____

15

*Mussat v. Zara USA Inc.*
**Settlement Agreement**

ZARA USA, INC.

BY: _____          Date: _____

Title: _____


LOEB & LOEB LLP

BY: _____          Date: _____6/10/16_____
JAY K. MUSOFF
LAURA K. MCNALLY

5

# EXHIBIT A

Zara Settlement Administrator
PO Box XXXX
Philadelphia, PA XXXXX-XXXX

POSTAGE

# Z A R A Shoppers

As part of a class action settlement
**you could receive up to $100 in cash per purchase transaction.**
To make a claim go to **www.SettlementZara.com or call (855) 907-3143.**

Class Member Name
Address
City, ST Zip

[BARCODE AREA]

**You may be entitled to up to $100 per transaction at Zara** if you made an in-store purchase at one of Zara's U.S. stores and used a credit card or debit card (without a PIN) from April 28, 2015 to July 1, 2015 ("class member"). To file a claim go to **www.SettlementZara.com or call (855) 907-3143.**

A proposed class action settlement has been reached in Tsang v. Zara USA, Inc., 15-cv-11160, US District Court, ND IL Eastern Division, claiming that Zara printed more than the last four digits of credit card account numbers on in-store receipts, which is a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g)(1).

**What benefits can I receive?**

Zara has agreed to establish a fund of $424,500 to pay eligible class member claims who made any of the 4,245 eligible transactions. The actual payment has yet to be determined because it will depend on the total number of valid claims and transactions submitted, but the payment could be up to $100 per transaction.

**What are my options?**

**Submit a Claim:** To receive cash, file a claim at **www.SettlementZara.com or call (855) 907-3143** to receive a claim form. Claim forms must be submitted online or post marked by **Month XX, 2016.**

**Opt-Out:** If you do not wish to participate in the settlement, you may exclude yourself from the Class. If you exclude yourself, you will not receive a payment, but you will keep your right to pursue a lawsuit at your own expense. The deadline to exclude yourself is **Month XX, 2016.**

**Object:** You have the right to object to the settlement, informing the Court of what you do not like about the settlement. A signed copy of your objection must be filed with the Clerk of the Court, 219 S. Dearborn Street, Chicago, IL 60606 by **Month XX, 2016.** To object you must also file a claim.

**Do Nothing:** If you do nothing you will not receive any benefits and you will be bound by the release of claims against Zara losing your right to sue on the claims asserted in the lawsuit, and will be bound by all decisions of the Court.

**Attend the Final Approval Hearing:** A final approval hearing will take place on Month XX, 2016, at XX:XX x.m., at the Federal Courthouse, 219 S. Dearborn St., Chicago, IL, Room 1903, to determine the fairness, adequacy, and reasonableness of the settlement, to consider whether to approve the settlement, and to consider a request by Class Counsel for payment of attorney's fees and costs and class representative incentive awards. Class counsel is requesting attorney's fees of 20% of the total payments paid to the Settlement Class Members. Plaintiff has requested an incentive award of $10,000 to be paid separate from the settlement fund. The motion for attorney's fees and costs will be posted on the website after they are filed. You or your lawyer may attend the hearing, but you are not required to do so.

This is only a summary. **For more information including the detailed notice and other important documents, please visit www.SettlementZara.com or call (855) 907-3143**.

# www.SettlementZara.com

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| YAN TSANG and FLORENCE MUSSAT, | ) | |
| | ) | Case No. 15-cv-11160 |
| Plaintiff, | ) | |
| | ) | Judge Der-Yeghiayan |
| v. | ) | |
| | ) | |
| ZARA USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**TO: All persons to whom Zara USA provided an electronically printed receipt at the point of sale in a transaction occurring inside one of Zara's stores in the United States, from April 28, 2015, to July 1, 2015, which displayed the credit card's first six digits. The class includes debit cards that were used as credit cards without a PIN being used, but excludes debit cards in which a PIN was used.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM** | Submit a claim either by Mail or through the Settlement Website www.SettlementZara.com by **XXXX,** **2016** and if this settlement is approved you will receive a check for up to $100 (up to one hundred dollars) per transaction. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT** | If you do nothing, you will remain in the settlement class and be bound by the orders of the Court. You will not receive a payment from the settlement fund that has been established in this case. |
| **EXCLUDE YOURSELF** | If you exclude yourself, you will not receive a payment, but you retain your right to sue regarding the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. If you want to object, you must file a claim by **XXXX,** **2016,** and separately you must file your objection with the Court by **XXXX,** **2016,** You may also appear at the fairness hearing. The Court will consider your objections whether or not you appear at the fairness hearing. |
| **GO TO A HEARING** | You may appear at the hearing or ask to speak in Court about the fairness of the settlement but you don't have to. |

**These rights and options and the deadlines to exercise them are explained below.**

| **1.** | **What is this notice about?** |
|---|---|

Defendant has agreed to settle this lawsuit on a nationwide class basis. Pursuant to the Court's order preliminarily approving the parties' class settlement agreement this notice of the settlement, which contains an explanation of your rights under the terms of the settlement, and information on how to submit a claim for a share of the settlement, is being made available of the Settlement Website www.SettlementZara.com.

| **2.** | **What is this lawsuit about?** |
|---|---|

Plaintiff filed the above Lawsuit, on behalf of himself and a Class in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit"), against Defendant alleging willful violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff claims that Defendant willfully violated 15 U.S.C. §1681c(g) in that Plaintiff received from Defendant a printed electronically-generated receipt at the point of sales or transaction which displayed Plaintiff's first six account digits of Plaintiff's payment card. Plaintiff sought to recover for himself and for each person who was provided a printed non-FACTA compliant receipt from Defendant's stores located in the United States an amount of $100 to $1,000 per willful violation. Plaintiff did not seek any actual damages for himself or for the Class. Defendant denies that it willfully violated the FACTA, and it denies that Plaintiff and the Settlement Class Members are entitled to any damages. Defendant denies that a class should be certified under the Federal Rules of Civil Procedure.

| **3.** | **Why is this a class action?** |
|---|---|

In a class action a person called the Class Representative (in this case, Yan Tsang) sued on behalf of a group (or a "Class") of people who have similar claims.

| **4.** | **Why is there a settlement?** |
|---|---|

In order to avoid the cost, risk, delay of litigation, and uncertainty of trial, the parties agreed to a settlement.

| **5.** | **How do I know if I am a part of the settlement?** |
|---|---|

The Court decided that everyone falling under the following definition is a member of the Settlement Class defined as follows:

> All persons to whom Zara USA provided an electronically printed receipt at the point of sale in a transaction occurring inside one of Zara's stores in the United States, from April 28, 2015, to July 1, 2015, which displayed the credit card's first six digits. The class includes debit cards that were used as credit cards without a PIN being used, but excludes debit cards in which a PIN was used.

### 6. What can I get from the settlement?

Under the settlement agreement, each Settlement Class Member who makes a timely claim that is accepted ("Claimant") will receive a *pro rata* share of the Common Fund, <u>after</u> payment of Attorney's Fees (as defined below), subject to a maximum payment of $100 (one hundred dollars) per payment card transaction that Settlement Class Member engaged in during the settlement class time period where the electronically printed receipt displayed the credit card's first six digits, the ("Claimants' Share"). If the Claimants' claims plus Attorney's Fees does not total more than four hundred twenty four thousand and five hundred dollars ($424,500), each claimant shall receive a payment of $100 (one hundred dollars). The Claimants' Share shall be sent by the Notice and Claims Administrator fourteen (14) days after the Funding Date. Defendant shall not be liable, and will not be obligated to pay, any amount in excess of four hundred twenty four thousand and five hundred dollars ($424,500) in total for distributions to Settlement Class Members and payment of Attorney's Fees. Any monies left from the Common Fund after the distributions to Settlement Class Members and payment of Attorney's Fees will revert back to Zara USA.

### 7. When will I receive these benefits?

If there are no objections, or objections to only the amount of attorney's fees sought, you will receive these benefits approximately 21 days after the settlement has been finally approved by the Court.

### 8. How do I receive a payment?

To receive the cash benefit you need to complete a claim form and return it to the Claims Administrator either by U.S. Mail or submit it electronically through the Settlement Website www.SettlementZara.com.

### 9. What am I giving up to receive these benefits?

By staying in the class, all of the Court's orders will apply to you, and you give Defendant, its associated businesses, its insurance company and its owners a "release." A release means you can't sue or be part of any other lawsuit against Defendant about the Fair Credit Reporting Act claims raised in this lawsuit. The release does not release actual damages to which you still retain the right to sue Zara if you believe that you sustained actual damages as a direct and related cause of its conduct alleged in the Complaint as amended.

### 10. How much will the Class Representative receive?

Defendant in addition to and separate from the Settlement Fund has agreed to pay $10,000.00 (ten thousand dollars) to Plaintiff for Plaintiff's statutory damages and as an incentive for being the class representative and for the time representing the interests of the Class in this lawsuit, including attending one settlement conference. This amount is subject to the Court's approval.

| **11.** | **Unclaimed Settlement Cash Amounts?** |
|---|---|

Settlement Checks shall expire and be void if not cashed within 45 (forty-five) days. After the expiration of the 45 days, the amount remaining will be awarded on a *cy pres* basis to Dress for Success. https://www.dressforsuccess.org/

| **12.** | **How do I exclude myself from the settlement?** |
|---|---|

If you don't want to receive the benefits of the settlement, but you want to keep your legal claims against the defendant, then you must take steps to exclude yourself from the settlement. To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Tsang v. Zara USA, Inc.*. **15-cv-11160 (N.D. Ill.)** Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is received **no later than XXXX, 2016,** and must be sent to the following address:

Clerk of the Court
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn St., 20th Floor
Chicago, Illinois 60604

| **13.** | **If I exclude myself, do I still receive benefits from this settlement?** |
|---|---|

No, you will not receive anything resulting from the settlement of this case, but you may have the right to sue the defendant over the claims raised in this case, on your own.

| **14.** | **Do I have a lawyer in this case?** |
|---|---|

The Court has named Curtis C. Warner of Warner Law Firm, LLC as Class Counsel. You will not be charged by the firm. The firm will petition the Court for attorneys' fees from the settlement fund in the amounts and manner listed below. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by **XXXX, 2016.**

| **15.** | **How will the lawyers be paid?** |
|---|---|

Class Counsel will ask the Court to be awarded attorney's fees and expenses in the amount of up to 20% (twenty percent) of the total payments paid to the Settlement Class Members. The amount awarded is subject to the Court's approval.

| **16.** | **Is this a fair settlement?** |
|---|---|

This settlement amount and structure was reached after a settlement conference before the Magistrate Judge assigned to this case. Class Counsel believes that this settlement is fair and reasonable.

Defendant expressly denies the claims asserted by the Plaintiff, and denies all allegations of wrongdoing, liability, or that the class in this litigation should be certified. Given the risks of litigation moving forward, Class Counsel believes that the structure of the settlement is fair and reasonable to end this litigation.

| **17.** | **How do I tell the Court that I don't like the Settlement?** |
|---|---|

If you are a Class Member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Tsang v. Zara USA, Inc.*. **15-cv-11160 (N.D. Ill.),** your name, address, telephone number and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (see question no. 18 below). You must also file a claim to have the Court consider your objection. If your objection is overruled, you will receive the same amount distributed to each class member under the terms of the Agreement.

You must mail or you or your attorney must file your objection so that it is received no later than **XXXX, 2016,** to:

Clerk of the Court
United States District Court
for the Northern District of Illinois
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn St., 20th Floor
Chicago, Illinois 60604

| **18.** | **Where and when is the fairness hearing?** |
|---|---|

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so. The Court will hold a fairness hearing on **XXX, 2016 at XXX a.m.** in the courtroom of the Honorable Samuel Der-Yeghiayan, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Court Room 1903, Chicago, IL 60604. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for the Class Counsel. At that hearing the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement. The hearing may be postponed to a later date without notice.

YOU ARE NOT REQUIRED TO ATTEND THIS HEARING. THE COURT WILL CONSIDER YOUR OBJECTIONS WITHOUT YOU OR AN ATTORNEY APPEARING ON YOUR BEHALF.

| **19.** | **How do I get more information?** |
|---|---|

You can go to the website www.SettlementZara.com or call XXX-XXX-XXX.

DO NOT CONTACT THE COURT REGARDING THIS NOTICE