**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| YAN TSANG et. al., ) | |
| individually and on behalf ) | |
| of similarly situated persons, ) | |
| ) | Case No. 15-cv-11160 |
| Plaintiffs, ) | |
| ) | Hon. Samuel Der-Yeghiayan |
| v. ) | |
| ) | |
| ZARA USA, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND
SCHEDULING A FINAL SETTLEMENT HEARING**

This matter coming before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Settlement") and Notice to the Class between Plaintiff Yan Tsang ("Plaintiff") and Zara USA, Inc. ("Defendant") collectively (the "Parties").

The Court finds as follows:

I. That the Settlement was reached by the Parties through arm's-length negotiations. The Court finds that establishment of a $424,500 (four hundred twenty-four thousand five hundred dollar) settlement fund with up to $340,100 (three hundred forty thousand dollars) being available for the approximately 3,859 settlement class members to make a claim up to $100 per transaction and the allocation of making available 20% of the total payments paid to the Settlement Class Members from the common fund, up to $84,900, for the payment of attorney's fee to be fair, adequate and reasonable. The Court further finds that the amount of Plaintiff's Award of $10,000 for his services to be

reasonable. The Court further finds that the requirement that the costs of notice and costs of administration be paid by Defendant separate of the common fund to be reasonable.

II. That the Parties have presented this Court a plan to provide Direct Notice to the Settlement Class Members, and further providing a dedicated Settlement Website with frequently asked questions of the terms of the Settlement and the various options those Class Members have, including the right for the Class Members to exclude themselves by opting out, filing an objection, or submitting a claim to be reasonable. The Court finds that the notice plan is consistent with Federal Rule of Civil Procedure 23(c)(2)(B).

III. The terms used in this Order reflect the meaning of the terms set forth in the Settlement Agreement.

The Court finds that the proposed settlement is within the range of fairness and reasonableness and therefore meets the requirements for preliminary approval.

Good cause appearing and therefore, **IT IS HEREBY ORDERED**:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies the following Class, for settlement purposes only, defined as:

> All persons to whom Zara USA provided an electronically printed receipt at the point of sale in a transaction occurring inside one of Zara's stores in the United States, from April 28, 2015, to July 1, 2015, which displayed the credit card's first six digits. The class includes debit cards that were used as credit cards without a PIN being used, but excludes debit cards in which a PIN was used.

2. The Court appoints Curtis C. Warner of Warner Law Firm, LLC, as class counsel ("Class Counsel").

3. The Court appoints Yan Tsang as the Class Representative.

4. On or before 10 days after the entry of this Order, Defendant shall comply

with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b). On or before 14 days after the entry of this Order, Defendant shall file with the Court proof of compliance of the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

5. The Court approves the notices and enters the following order:

a. **Direct Notice. Within 60 days after the entry of this Order**, direct notice, substantially in the form of Exhibit A attached to the Parties' Settlement Agreement, shall be sent by direct mail by the Notice and Claims Administrator using only addresses identified by the Notice and Claims Administrator. The Notice and Claims Administrator (Heffler Claims Group) will perform locator searches based upon the names provided by Zara USA, and the proximity to store locations, followed by nationwide searches in certain instances, to determine the mailing addresses of likely Settlement Class Members.

b. **Settlement Website. On or before 60 days after the entry of this Order**, Zara shall cause the Settlement Website as identified in the Settlement agreement at www.SettlementZara.com to be made available on the world wide web to be able to accept the claims of the settlement class members to submit electronically, and shall provide the full class notice, Exhibit B attached, FAQ's about the settlement and notice that they can obtain a printable claim form, and the complaint and fee petition.

6. Settlement Class Members who desire to make a claim from the settlement fund must submit their claim electronically via the Settlement Website or via the U.S. mail **45 days after the sending of the Direct Notice.**

3

7. Any Settlement Class Member who desires exclusion from the action must file a request for exclusion with the Clerk of the Court and may if they choose serve copies of the request upon class counsel and counsel for Defendant by **45 days after the sending of the Direct Notice.**

8. Settlement Class Members who wish to object to the settlement must submit the objection to the Clerk of the Court. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class and include any documentation that supports the objections by **59 days after the sending of the Direct Notice.** Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. Objections will be considered by the Court without the objector appearing at the fairness hearing.

9. A Settlement Class Member who either files a valid claim will be deemed to have standing to object to the Agreement.

10. On or before **52 days after the sending of the Direct Notice,** Plaintiff may file a memorandum in support of the Settlement prior to the fairness hearing and his petition for attorney's fees.

11. On or before **59 days after the sending of the Direct Notice,** any objector or attorney representing an objector must file their appearance in this matter.

12. A hearing on the fairness and reasonableness of the Settlement and whether final approval shall be given to it and the requests for fees and expenses by class counsel will be held before this Court on **October 25, 2016, at 9:30 a.m.**

5

13.     Providing that, pending the Fairness Hearing and the Effective Date, Plaintiff, and all members of the Settlement Class, are enjoined from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims against any of the Released Parties unless they first have timely exercised their right to Opt-Out or otherwise excluded themselves from participation in this Settlement and such Opt-Out or exclusion has been received.


DATE: June 15, 2016                    ENTERED: _____
                                                Honorable Samuel Der-Yeghiayan
                                                United States District Court Judge